PER CURIAM.

(No. 74-CC-17—

C & H ELECTRIC COMPANY, Claimant, *vs.* STATE OF ILLINOIS, DEPARTMENT OF GENERAL SERVICES, Respondent.

*Opinion filed June 23, 1975.*

JOHN P. LOFTUS, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

PER CURIAM.

This cause coming on to be heard on the joint stipulation of the parties hereto and on the testimony presented on June 19 and August 15, 1974, and the finding of facts entered by Commissioner JOSEPH P. GRIFFIN, and the Court being fully advised in the premises;

THIS COURT FINDS that this cause is for recovery pursuant to Ill. Rev. Stat. Chapter 37 Section 439.8(b) and is a claim for the balance due on the electrical contract for the Manteno State Hospital, Manteno, Illinois, known as project number 70-2119-4B. The claimant hereunder commenced work on said project on or about May 29, 1970. The amount of the contract and the payments thereon were heretofore stipulated to and the balance claimed by C & H ELECTRIC COMPANY and denied by the STATE OF ILLINOIS was the sum of $66,654.87.

THIS COURT FURTHER FINDS that the work performed by claimant was done in accordance with the specifications drawn on the project, which called for the installation of unshielded electrical cable.

On July 17, 1970, the electrical cable furnished by claimant was approved by respondent's authorized consulting engineers, Gritschke and Cloke, Inc., as conforming to those specifications.

Subsequent to the approval of the cable by Gritschke and Cloke, but prior to its installation, Kaiser Aluminum Company, the manufacturer of the cable in question, advised claimant that the unshielded cable was not suitable for its proposed use and that unless a shielded cable were substituted the electrical system would possibly experience failure.

Claimant conveyed this information to respondent and to Gritschke and Cloke on several occasions, but

Gritschke and Cloke refused to alter the specifications calling for unshielded cable.

The Court is advised that claimant had no alternative but to proceed with installation of the unshielded cable as required by the specifications. Claimant's failure so to do would have been considered a breach of contract.

Respondent concedes that the work performed by claimant was done satisfactorily and that although the system did subsequently experience some failures, said failures were not attributable to the claimant.

THE COURT FURTHER FINDS that the sum of $50,000.00 is a just, reasonable and fair compensation for the balance due and owing claimant for the electrical work performed under the contract.

IT IS THEREFORE ORDERED that claimant be, and hereby is, awarded the sum of Fifty Thousand and no/100 ($50,000.00) Dollars in full satisfaction of any and all claims herein.

## CRIME VICTIMS COMPENSATION ACT